**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| OMAR YISRAEL, | ) | |
| *Plaintiff*, | ) | Case No. 1:25-cv-180 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| STATE OF TENNESSEE, *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION & ORDER**

Under 28 U.S.C. § 1915(e)(2), the Court must screen actions filed by plaintiffs proceeding *in forma pauperis*. If at any time the Court determines that such an action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief, the Court must dismiss the action. Plaintiff's Petition [Doc. 3] is frivolous and fails to state a claim for relief, requiring dismissal under 28 U.S.C. § 1915(e)(2).

## I. FACTS

In his Petition for Permanent Restraining Order [Doc. 3], Plaintiff Omar Yisrael identifies himself as a "Private civilian of the NATION OF YISHRA'EL, McDonald, Tennessee Republic, Northwest Amexem." [Doc. 3 at ¶ 2]. Plaintiff alleges he was unlawfully detained on December 3, 2024, by East Ridge Police Officers Partin and Cornellius. [*Id.* at ¶ 3]. He claims he was "forced into releasing the key to the vehicle" to these Officers. [*Id.* at ¶ 4]. He alleges it was towed and he and presumably another person were left "on the side of the roadway" at 2:00 a.m. "in the cold of winter." [*Id.* at ¶ 4].

Plaintiff claims Defendants "took away [his] stability to be financially sound to continue the lively hood of them that depend upon me and myself as well." [*Id.* at ¶ 5]. He claims the seizure of his "Private Trust vehicle" caused him financial loss and emotional distress. [*Id.* at ¶ 6].

Plaintiff further alleges that he was denied the return of his vehicle, even after providing the bill of sale and a signed title from the seller. [*Id.* at ¶ 7]. He was allegedly told that he did not "have the validity to retrieve my vehicle because the title must be registered with the state." [*Id.*]. He asserts that "[w]hat's registered with the state belongs to the state," whereas "[t]his vehicle is for non commercial Travel." [*Id.*]. According to Plaintiff, the vehicle is "not for commerce," as evidenced by the following language on the vehicle plate: "NOT FOR HIRE US DOT #3691662 PRIVATE TRUST." [*Id.*].

On the basis of these allegations, Plaintiff brings § 1983 claims under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. [*Id.* at 2]. First, Plaintiff alleges that the traffic stop violated his Fourth Amendment right to be free from unlawful search and seizure. Second, he claims "Defendant arbitrarily converted plaintiff['s] liberty to travel into a privilege." [*Id.*]. Third, he claims that he was deprived of due process, though he does not say how. [*Id.*]. Fourth, he claims that by enforcing vehicle registration and licensing requirements for "non-commercial" travel, Defendants violated his right to travel under the Privileges and Immunities Clause of the Constitution and the Fourth Amendment. [*Id.*]. He seeks compensatory damages and punitive damages, and also seeks injunctive relief. [*Id.* at 3]. He names as Defendants the State of Tennessee, Officer Partin, Officer Estermyer, Officer Cornellius, East Ridge Police Department, and the East Ridge Municipal Court. [*Id.* at 1].

The next portion of his self-styled "Petition" relates to injunctive relief. He asserts that the elements for showing entitlement to injunctive relief are met – *i.e.*, likelihood of success on the

merits, irreparable harm – but does not specify how the facts support those elements. [*Id.*]. The injunctive relief he seeks is a permanent restraining order "restraining and enjoining Defendants from proceeding with any current, past, or future actions." [*Id.*]. He specifically seeks to restrain Defendants from detaining him or commencing any actions against him. [*Id.*]. And he requests the return of his vehicle to "c/o 5301 Harrison Pike, McDonald, Tennessee Republic." [*Id.*].

## II. PRELIMINARY SEAL ISSUE

Plaintiff initially attempted to file the Petition under seal. [Doc. 2]. The Court denied that Motion, as Plaintiff did not provide any basis for the relief requested, and because the Petition did not appear to contain any personally-identifying information that would be subject to seal. [Doc. 7]. The Court advised Plaintiff that he could refile the Proposed Sealed Document [Doc. 3] on the public docket, but he did not do so. [Doc. 7].

Some time later, the Court ordered Plaintiff to show cause why his claims should not be dismissed for failure to prosecute, as he had yet to refile the Petition on the public docket. [Doc. 8]. Plaintiff responded that he was "refiling my document on the public docket, and my claims should not be dismissed." [Doc. 9]. But he did not refile the Petition then, either.

The Court's orders, perhaps, could have been clearer. In light of his pro se status and clear intent to proceed with this action, the Clerk is **DIRECTED** to unseal the Petition for Permanent Restraining Order, filed as a Proposed Sealed Document [Doc. 3]. With the docket issue resolved, the Court turns to screening Plaintiff's Petition.

## III. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court must screen actions filed by plaintiffs proceeding *in forma pauperis*. If at any time the Court determines such an action is frivolous or malicious,

fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief, the Court must dismiss the action. 28 U.S.C. § 1915(e)(2).

Moreover, federal courts lack subject matter jurisdiction over complaints that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Bey v. Weisenburger*, No. 23-3689, 2024 WL 3912829 (6th Cir. June 5, 2024) (sovereign citizen allegations in lawsuit against towing company, police officers, prosecutor, and municipal judges arising out of conviction for failure to comply with police orders was properly dismissed *sua sponte*).

## IV. ANALYSIS

Plaintiff is one of a surprising number of Tennessee residents who believe themselves to be unbound by the State's laws, yet able to seek redress in its courts. But he is only mistaken about the first of these beliefs – however unfounded Plaintiff's legal worldview may be, he is entitled to seek relief in this Court should his constitutional rights be violated. He has alleged no such violation here, however, and his Petition will therefore be dismissed.

While Plaintiff does not identify himself as a sovereign citizen, his claims are premised on the belief that the Defendants cannot enforce Tennessee's vehicle registration laws against him, and that to do so infringes on his constitutional right to travel. His allegations and claims "correspond to the meritless rhetoric frequently espoused by tax protestors, sovereign citizens, and self-proclaimed Moorish-Americans." *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases); *see Sposato v. Carey*, 2024 WL 637423, at *4 n.5 (N.D.N.Y. Feb. 15, 2024) (plaintiff's contentions that he did not need a driver's license or vehicle registration provided "classic examples of Sovereign Citizen ideology"); *Johnson v. Weare Police Dep't*, 2013 WL 5740453, at *2 n.2 (D.N.H. Oct. 23, 2013) (plaintiff's "belief that he needs neither a driver's

license nor a vehicle registration is consistent with those of the sovereign citizen movement"). Courts routinely reject such arguments, however denominated, because they are "frivolous and a waste of court resources." *Joyce-Simpson v. AT&T Mobility*, 2023 WL 8248061, at *3 (W.D. Tenn. Nov. 7, 2023) (citation omitted).

Here, Plaintiff does not say why police conducted a traffic stop. But his allegations make clear that his vehicle was not lawfully registered. Tennessee law provides: "As a condition precedent to the operation of any motor vehicle upon the streets or highways of this state, the motor vehicle shall be registered as provided in this chapter." T.C.A. § 55-4-101(a)(1). And there is no question that states may enforce their traffic laws, including those that require vehicles to be validly registered. *See Yahoshua-Yisrael: Yahweh v. City of Memphis*, 2014 WL 1689715, *5 (W.D. Tenn. Apr. 29, 2014) (driver asserting vehicle was "not for hire" failed to state a Fourth Amendment claim where vehicle was unregistered); *United States v. Warfield*, 404 F. App'x 994, 996 (6th Cir. 2011) (defendant could not contest that "state police could properly arrest him for driving on a suspended license"); *see also Wolshlager v. Gast*, 2019 WL 2250752, at *1 (W.D. Mich. May 2, 2019) (rejecting plaintiff's argument that he was exempt from state law requirement to maintain a valid driver's license).

Indeed, courts in the Sixth Circuit have rejected as frivolous the contention that vehicle registration requirements do not apply to "non-commercial travel." *See William-Dennis v. Roznowski*, 2026 WL 2794506, *2 (E.D. Mich. June 3, 2026) (dismissing plaintiff's claim that license and registration requirements were unconstitutional as applied to "non-commercial travel"); *Aziza El v. City of Southfield*, 2010 WL 1063825, *5 (E.D. Mich. Mar. 22, 2010) ("Plaintiff does not have a constitutional right to operate a motor vehicle and state licensure and registration requirements do not violate an individual's constitutional right to travel."). Plaintiff

cannot state a Fourth Amendment or any other constitutional claim arising out of a traffic stop for driving without valid plates and/or vehicle registration.[1]

Similarly, Plaintiff cannot prevail on his claim that Defendants "arbitrarily converted plaintiff['s] liberty to travel into a privilege." [Doc. 3 at 2]. This argument – commonly advanced by sovereign citizens and their ideological kin – "confuses the right to travel with the privilege to drive an automobile." *Haltom v. City of Henderson, TN*, 2025 WL 2412170, *9 (W.D. Tenn. May 13, 2025). But "[a] burden on a single mode of transportation simply does not implicate the right to interstate travel." *Duncan v. Cone*, 2000 WL 1828089, *2 (6th Cir. Dec. 7, 2000) (Table) (requirement that driver's license applicants provide a social security number did not violate plaintiffs' right to freely exercise their religion or their right to travel); *Matthew v. Honish*, 233 F. App'x 563, 564 (7th Cir. 2007) ("Without vehicle licenses, the plaintiff is denied only a single mode of transportation – in a car driven by himself, and this does not impermissibly burden his right to travel." (cleaned up)).

Finally, Plaintiff does not say how his due process rights were purportedly violated. He alleges he was "deprived of due process without proper notice or an opportunity to be heard, violating his procedural due process rights under Fuentes v. Shevin." [Doc. 3 at 2]. But he does not connect that legal assertion to any allegation of fact. Reciting the elements of a cause of action, without supporting factual allegations, does not state a claim for relief. To the extent his due process claim is premised on his inability to retrieve his vehicle, he has not alleged that any named Defendant has denied him the return of his vehicle. Rather, he alleges the vehicle is being held by Broome Wrecker Service, which is not a party here.

[1] While Plaintiff mentions being left in the cold when his car was towed, he does not appear to raise any claim based on that allegation. Nor does he challenge the duration of the stop or any other constitutionally significant aspect of it.

Simply put, there is no such thing as a "Not for Hire" vehicle for non-commercial travel. Nor does Plaintiff's self-identification as a "Private civilian of the NATION YISHRA'EL" of the "Tennessee Republic" have any legal import. This invented terminology does not exempt Plaintiff from the requirements for operating a motor vehicle on the streets and highways of the State of Tennessee. All of Plaintiff's claims are bound up in his erroneous belief to the contrary, and all are therefore frivolous. There are any number reasons why his claims must be dismissed,[2] but the Court will not belabor the point. Plaintiff's Petition fails to state a claim for relief and is completely frivolous.

## V. VEXATIOUS LITIGANT WARNING

This appears to be Plaintiff's first lawsuit in this Court, and his filings have not been excessive or unduly burdensome. Nonetheless, his claims are premised on a legal ideology that has been universally rejected by courts nationwide. Countless courts have explained that claims like those Plaintiff raises here are entirely frivolous, fail to state a claim for relief, and are a waste of judicial resources.

Accordingly, Plaintiff is **WARNED** that should he file another frivolous complaint in this vein, he may be deemed a vexatious litigant and subject to prefiling restrictions. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (district courts may properly enjoin vexatious litigants from filing further actions without first obtaining leave of the court).

## VI. CONCLUSION

Accordingly, the Clerk of Court is **DIRECTED** to unseal the Petition, filed as Proposed Sealed Document [Doc. 3].

[2] The Petition contains, for example, no allegations at all against several named Defendants, and purports to sue the State of Tennessee under § 1983. *See Campbell v. Hamilton Cnty.*, 23 F. App'x 318, 327 ("[A] state is not deemed a 'person' who may be sued under § 1983.").

Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's claims are **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted. The Motion for Leave to Proceed in forma pauperis [Doc. 1] is **DENIED AS MOOT**.

Plaintiff cannot show any likelihood of success on the merits and this action is dismissed. So Plaintiff's request for a preliminary or permanent injunction is likewise **DENIED**.

An appropriate judgment shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**